JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890
John M. Nolan

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY GREGORIOU<br>36-19 Ditmars Boulevard<br>Astoria, NY 11105<br><br>Plaintiff,<br><br>v.<br><br>HELLMANN WORLDWIDE LOGISTICS, INC.<br>10450 Doral Boulevard<br>Miami, FL 33178<br><br>Defendant. | CIVIL ACTION NO. 07 cv 9821<br><br><br><br><br>**ANSWER AND DEFENSES** |

Defendant, Hellmann Worldwide Logistics, Inc. ("Hellmann" or "Defendant"), through its attorneys, Jackson Lewis LLP, for its answer to the complaint, states as follows:

### INTRODUCTION

1.  Defendant denies the allegations set forth in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.  The allegations set forth in paragraph 2 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant admits only that it is a Delaware corporation with headquarters located in Doral, Florida. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

3.   The allegations set forth in paragraph 3 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required.

4.   The allegations set forth in paragraph 4 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required.

## PARTIES

5.   Defendant repeats and realleges its answers and defenses to paragraphs 1 through 4 inclusive, as though set forth in response to paragraph 5 of the Complaint.

6.   The allegations set forth in paragraph 6 of the Complaint are not addressed to Defendant and for that reason, no response is provided thereto.

7.   The allegations set forth in paragraph 7 of the Complaint are not addressed to Defendant and for that reason, no response is provided thereto.

8.   The allegations set forth in paragraph 8 of the Complaint constitute legal conclusions, not factual assertions, to which no response is required. To the extent a response may be required, Defendant admits only that it is a Delaware corporation with headquarters located in Doral, Florida.

9.   Defendant admits the allegations set forth in paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10.  Defendant repeats and realleges its answers and defenses to paragraphs 1 through 9 inclusive, as though set forth in response to paragraph 10 of the Complaint.

11.  Defendant admits the allegations set forth in paragraph 11 of the Complaint.

12.  Defendant admits only that Plaintiff worked at Hellmann's JFK Airport branch.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. The allegations set forth in paragraph 14 of the Complaint reference a written document. That document speaks for itself. Defendant denies each and every allegation that deviates from the precise terms of that document.

15. Defendant admits only that Defendant was terminated on October 19, 2006 for legitimate business reasons wholly unrelated to his alleged complaints.

16. Defendant admits that Plaintiff's was terminated, *inter alia*, because he released cargo without verifying the terms and collecting funds on behalf of Defendant.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. The allegations set forth in paragraph 18 of the Complaint reference a written document. That document speaks for itself. Defendant denies each and every allegation that deviates from the precise terms of that document.

19. The allegations set forth in paragraph 19 of the Complaint reference a written document. That document speaks for itself. Defendant denies each and every allegation that deviates from the precise terms of that document.

20. The allegations set forth in paragraph 20 of the Complaint reference a written document. That document speaks for itself. Defendant denies each and every allegation that deviates from the precise terms of that document.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the

Complaint.

23. Defendant admits only that Plaintiff applied for employment prior to his hire in October 2005. Defendant denies that Plaintiff applied for any other positions.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

## COUNT I

### VIOLATION OF NEW YORK EXECUTIVE LAW
### (SEXUAL HARASSMENT, AGE DISCRIMINATION AND RETALIATION)

28. Defendant repeats and realleges its answers and defenses to paragraphs 1 through 27 inclusive, as though set forth in response to paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

## COUNT II

### VIOLATION OF NEW YORK ADMINISTRATIVE CODE
### (SEXUAL HARASSMENT, AGE DISCRIMINATION AND RETALIATION)

31.     Defendant repeats and realleges its answers and defenses to paragraphs 1 through 30 inclusive, as though set forth in response to paragraph 31 of the Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33.     Defendant denies the allegations set forth in paragraph 33 of the Complaint.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

No employment contract, agreement or covenant, either verbal or written, express or implied, existed at any time between Plaintiff and Defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the complained of conduct was neither offensive nor unwelcome, and/or Plaintiff participated in such conduct.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for sexual harassment are barred and/or any recoveries of damages are precluded because Plaintiff unreasonably failed to take advantage of Defendant's preventive and corrective opportunities or to avoid harm otherwise.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is so vague and ambiguous that Plaintiff should provide Defendant with a more definite statement of the facts that form the basis for the legal claims alleged against the Defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not know, or have reason to know, of the alleged sexual harassment.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant took immediate action to prevent and remedy any known (or alleged) sexual harassment.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for sexual harassment is barred and/or any recovery of damages is precluded because the Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by his failure to mitigate his alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of New York's workers' compensation statute.

WHEREFORE, Defendant respectfully requests this Court:

a. Enter judgment against the Plaintiff dismissing the case in its entirety, with prejudice, without costs or attorneys fees;

b. Deny each and every demand, claim and prayer for relief contained in the complaint;

c. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890

By: s/John M. Nolan

ATTORNEYS FOR DEFENDANT

Dated: February 14, 2008

H:\CLIENT\H\Hellman Worldwide Logistics, Inc\Gregoriou\77777 pleading001-ans.doc